and Attorney Merrigan may begin. Thank you. May it please the court. The first issue that I would like to address in this argument today is the decision made by the lower court concerning the choice of law. On summary judgment, Mr. Haschen, the defendant, asserted that the correct choice of law decision was Maryland's law with respect to the substantive elements in burden of proof as to fraud. In reviewing this issue, the lower court undertook, as is required, the comparison between the law of the Commonwealth of Massachusetts, the farm state, and the law of the state of Virginia. In so doing, the lower court then did make a conclusion that there were substantive differences that were material with respect to the application of fraud jurisprudence from the state of Maryland and the principles of fraud from the Commonwealth of Massachusetts. Mr. Merrigan, could I ask you a preliminary question? Because usually we just don't sort of describe or decide a choice of law issue in the abstract. We look at the proceedings below and ask, what did the law bear on and what's being appealed? And I read your brief as appealing the denial of a 12B6 motion to dismiss and appealing the denial of a Rule 56 motion for summary judgment. But you had a trial and there was a verdict and there was no Rule 50 motion after the verdict was handed in. So under our normal rules, we don't review 12B6 or Rule 56 denials. They're water over the dam once you've had a trial. And we don't review sufficiency of the evidence issues unless there's a Rule 50 motion made after the jury verdict. So I'm not sure what it is you want us to review that we can review. Thank you, Your Honor. I would suggest to the court that I raised my choice of law issue by summary judgment. I raised it as a motion eliminated, which was denied. And then I raised it following the arguments of counsel in the submission. And at the time of the instructions by the court to the jury. So I believe you've got a jury verdict against you. And you haven't said you haven't said that there was insufficient evidence. So and then you haven't. I don't think you've appealed one of the jury instructions. So unless the jury was instructed wrongly on the law and you objected to that instruction, we just I'm having trouble seeing what it is for us to review. We just don't take academic questions about choice of law. We have to anchor them in some particular ruling. I understand, Your Honor. I believe that the issue was preserved when I objected to the judge's instructions on the law of the law on fraud. And I'm not arguing against the sufficiency of the evidence based on the way the court instructed the jury. The court having overruled my objection to the choice of law decision that applied in the case. Where in your blue brief do you challenge the jury instructions? I indicate if I might. I believe I. On page 15. In footnote four. I indicate that hashing raised the choice of law issue in his summary judgment motion, and I cite to the record by motion eliminating. I cite to the record and by objection at sidebar following the court's jury instructions. And I cite to the record and my recollection is that the trial court judge said your objections are preserved or somehow acknowledge that I was objecting on the choice of law. Ruling that the court had made at the outset or not at the outset, but during summary judgment and that it had continued to follow throughout the case. So I believed it. I had preserved my objection to that decision as it as it continued to be present in the way the trial unfolded up through the jury instructions. Okay, so you're relying on that footnote then? I am in the reference to the record. Thank you. I rely on it in as much as the the issue referred to by that footnote that was raised in objection to the jury charge was more more fully laid out and developed in in connection with the summary judgment. Pleading where I had argued the application based on the facts of the case of the law of Maryland. And I had argued that given the principles of law, followed by the forum jurisdiction, that is the Commonwealth of Massachusetts, that the court was in error in concluding that the law of the Commonwealth was predominant on the facts of the case. The legal issue in the appeal before this court is whether or not Massachusetts follows the lex loci delecti principle with respect to the commission of a tort, or did it follow the functional approach which was laid out in Bushkin? And I would suggest to the court and argue to the court that the lower court judge made an incorrect legal decision when he concluded that that Bushkin was the applicable standard because it was clear that the the jurisprudence of Cosme versus Witten machinery. Which expressly stated that in the Commonwealth in a tort, the law of the choice of law jurisprudence is that Commonwealth recognizes the application of the law where the tort occurred in the tort occurred in Maryland. And there were many contacts and factors that involve the state of Maryland, namely that the defendants were from Maryland. The corporation LLC was from the state of Maryland, that the representation that was made on December 30th, which was allegedly fraudulent, was made from the state of Maryland, and that any allegations of payment in reliance on that were transmitted to the state of Maryland. May I ask a question? The contract involved is about dredging of a Massachusetts harbor. That's where it was to be performed. The fraud alleged has to do with statements that subcontractors had in fact been paid. Weren't all of the subcontractors also located in Massachusetts or alternatively, wasn't the work that the subcontractors were going to do located in Massachusetts? Yes, Your Honor, the work was performed in the Commonwealth of Massachusetts. Many, and I can't say for sure, but many of the subcontractors were from Massachusetts. There may have been one or two from Rhode Island or perhaps Maryland, but yes. On a functional approach, which the district court applied, I don't think you say there was any error of law. You just have a different take on how the analysis should be performed. It's hard for me to see any error in its choice of Massachusetts law. Am I right that you concede that it applied the correct legal standards? No, Your Honor, I don't think that is correct. Five minutes remaining. Thank you. I did argue that the choice of law decision by the trial court was reversible error. And I alternatively argued that even if Bushkin functional approach did apply, that the lower court committed an error of law in the way it went about analyzing the record and the facts with respect to Bushkin. And given that the trial court made virtually no evaluation of the Maryland interest in the case, Bushkin requires, as well as the restatement, require a comparative analysis and evaluation of the interests of the respective jurisdictions. And in so doing, the court not once articulated any evaluation or consideration of the interest of the state of Maryland. Is that required when the court has done an analysis of why the Massachusetts interests are very, very strong? Do you think Bushkin says under those circumstances, you nonetheless have to have articulated an analysis of another state's law? Respectfully, Your Honor, I would suggest that it absolutely is necessary. You cannot make a functional law analysis if you only. No, but it can be implicit in the court's saying under the functional approach, Massachusetts by far has the strongest interest in this implicit in that. Notion of Massachusetts has the strongest interest is a statement that the other states law is not as strong. Well, Your Honor, the court never did say Massachusetts has the strongest interest. It just reaches conclusion without that kind of characterization. And I think the duty and again, this was not a decision that was a discretionary decision. It's a legal decision. And I think the ruling necessitates that the lower court make known its evaluation of comparative interest because under the restatement, as well as I think the applicable jurisprudence, the interests of the other state were compelling. I think the Massachusetts interest on the basis solely of where the contract was performed is outweighed by the interest of either Maryland or the state of New York. Well, didn't the failure to pay for the work done in Massachusetts for the most part occur in Massachusetts with the Massachusetts subcontractors who weren't paid? And wasn't that the underlying basis for the fraud because a representation was then made that they had been paid, but a necessary element of the fraud was no, they hadn't been paid. And all of that was in Massachusetts. Your Honor, the subcontractors were not paid and they were primarily Massachusetts, but they aren't parties to this case. And the loss occurred as between H2H, the plaintiff, and the defendants, H2H being a resident of the state of New York. Doesn't Massachusetts have a strong interest in seeing that subcontractors located in the state are paid and that false statements are not made as to Massachusetts construction projects that the Massachusetts subcontractors have in fact been paid? Your Honor, respectfully, I would suggest that becomes very attenuated. The record doesn't show really any facts with respect to the nature and circumstances of their payment or nonpayment. The record does show that there is nonpayment to the subcontractors, but they were paid to the extent of the record. And it was H2H, the plaintiff, that has been harmed because they made payments or were responsible for payments to the subcontractor under the agreements. And, therefore, by injecting them into the calculus here, I would suggest to the court becomes speculative beyond what the record supports. Do you want to finish your sentence, Mr. Merrigan? Thank you, Your Honor. I think I was winding up to repeat myself. Just one thing. Are you urging us to review this de novo? Yes. And under a de novo standard, the remedy you are seeking is what? Well, two things. One, review de novo the decision on the choice of law and conclude that as a matter of law on this record that it is the state of Maryland law that applies. And that given that the state of Maryland's law uses an intent to deceive rather than a new or should have known standard, which is a commonwealth, that the summary judgment issue doesn't show evidence of intent to deceive. Particularly in light of the different standard of proof used by Maryland, which is clear and convincing as opposed to preponderance of the evidence. So if the court concludes that this court concludes that the lower court was in error in its choice and that Maryland should have been applied, then to follow that through would mean that the summary judgment should have entered in favor of the defendant. Okay. Thank you, counsel. We'll hear from your opponent. Thank you very much. If you could mute yourself, Mr. Merrigan, Mr. Grosso, you can present. Good afternoon, Your Honors. Again, if it pleases the court, my name is James Grosso and I represent the appellee Richard Heisert on behalf of H2H Associates LLC. Having heard the questions of the court, I will be very brief. I believe that the lower court correctly determined under the conflict of laws standard in the Commonwealth of Massachusetts that the law of fraud in the Commonwealth applied to this case. The judge made a very careful evaluation. He went through a series of six different factors, which he used to determine whether the law of Maryland, New York or Massachusetts should apply. He made a very reasoned decision that it should be Massachusetts. I'm going to stop you right there. Are you conceding that the choice of law issue has been properly preserved and presented to this court? The Rule 12 motion is gone. The summary judgment motion is gone. There's a question about whether the footnote referring to the proceedings in this case is sufficient to have preserved a claim of instructional error presented on appeal, although it isn't argued that way. Are you conceding that we can reach all of these questions? I am not conceding anything, Your Honor. I believe the court has effectively requested the response from the appellant on that. I don't believe that a footnote is sufficient to save his right. I'm not sure you argued this. I did not, Your Honor. I did not argue the point that he has not filed the appropriate motions or made the appropriate objections at the trial. Could you please clarify what that footnote means? I'm trying to figure out what was done at the bench that we could possibly view it as preserving a claim of juror error or juror charge error. I cannot remember what Judge Saylor said in that sidebar conversation. I don't remember. I know that the counsel for the appellant made a number of objections during the course of the trial as normally would. I don't remember even objecting to the instructions that the judge made. Is that transcript part of the record on appeal? Yes, it is. The transcript of that sidebar is? The appellant included the entire transcript in the appendix, Your Honor. Okay. So I believe that the case has been decided. As the judge stated in his decision, a reasonable jury could determine that Hashen knew or should have known that the statements he was signing were not true. All that occurred. He was the only person in Massachusetts for this project for the Blue Water Strudging Company. He was here on a daily basis. He admitted in his depositions. He admitted at trial that some contractors told him they were not getting paid and requested his aid in getting them paid. He knew in December when he signed that form that they were not paid and that induced H2H to advance another $300,000. So all the elements of fraud were proven. The jury made its decision. I don't believe there was any error by the lower court in its determination. And unless there are questions, other questions by the court, I'll rest on my brief. Thank you, counsel. Appreciate it. That concludes the arguments for today. This session of the Honorable United States Court of Appeals is now recessed. It is now recessed until the next session of the court. God save the United States of America and this honorable court. Counsel, you may disconnect from the meeting.